JOHN GRAY and ROBERT J. GRAY, Respondents, *v.* THE CENTRAL RAILROAD COMPANY of New Jersey, Appellant.

*Unliquidated damages — interest thereon, when not allowable.*

Where damages are unliquidated and the party in default has no means of ascertaining the amount of damages to which the other party is entitled, so that he may tender the same, interest upon the amount of damages is not allowable.

APPEAL by the defendant, The Central Railroad Company of New Jersey, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 23d day of March, 1895, upon the verdict of a jury rendered after a trial at the New York Circuit, and also from an order entered in said clerk's office on the 20th day of March,

1895, denying the defendant's motion for a new trial made upon the minutes.

*Robert Thorne* and *Robert W. De Forest*, for the appellant.

*Jacob F. Miller*, for the respondents.

VAN BRUNT, P. J.:

It does not seem necessary to discuss the question involving the right of the plaintiffs to the benefit of the verdict rendered.

There are no exceptions to the admission or exclusion of evidence which require special mention. The learned court, however, seems to have erred in charging the jury that if they found for the plaintiffs they should allow interest.

It seems to be the rule in this State that where the damages are unliquidated and the party in default has no means of ascertaining the amount of damages to which the other party is entitled, so that he may tender the same, interest upon the amount of damages is not allowable. (*Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *McMaster* v. *State of New York*, 108 id. 542; *White* v. *Miller*, 78 id. 396.)

In the latter case the question is examined at length, and the foregoing seems to be the conclusion arrived at.

In *Mansfield* v. *N. Y. C. & H. R. R. R. Co.* (*supra*) the court lays down the rule that in an action to recover damages for breach of contract, unless the means are accessible to the party to be charged of ascertaining by computation or otherwise the amount to which the plaintiff is entitled, the plaintiff should not be allowed interest on the amount of the damages found and the submission of the question as to such allowance to the jury is error.

The judgment should be modified by reducing the judgment to the sum of $2,500, the amount of the verdict, with interest thereon from the date of its rendition to the entry of the judgment, and, as modified, the judgment should be affirmed, without costs to either party.

FOLLETT and PARKER, JJ., concurred.

Judgment modified as directed in opinion and as modified affirmed, without costs.