(41 App. Div. 24.)

### DELAFIELD v. VILLAGE OF WESTFIELD.

(Supreme Court, Appellate Division, Fourth Department. May 24, 1899.)

1. MUNICIPAL CONTRACTS—CONSTRUCTION—MONTHLY PAYMENTS.

   A waterworks contract, whereby the village agreed to cause an estimate of the value of the labor and materials on all work completed up to the 1st day of the month to be made on the 10th of each month, and to then pay 90 per cent. of the contract price of such completed work, means the materials furnished in the preceding month, though not put in place, and the work done, though the entire job on which it is done is not completed.

**2. SAME.**

Where the specifications of a waterworks contract were not sufficiently definite to enable the contractor to complete the work,—full discretion not being vested in him,—it was the duty of the village to furnish detailed working plans, other than daily instructions to the contractor's laborers, though the contract did not require the furnishing of such plans.

**3. SAME—RIGHT TO RECOVER FOR PART PERFORMANCE.**

A party to a contract, whose failure to perform has contributed to the failure of the other party to perform, cannot urge that the latter is barred from recovering for a partial performance.

**4. SAME—INTEREST.**

Where a contractor put up a certified check as security for the performance of the contract, but it is not shown that the other party has collected the check, the contractor cannot recover interest thereon in an action for the balance due him on the contract.

**5. SAME—UNLIQUIDATED DAMAGES.**

Interest is not allowable on the amount due a contractor for work done and materials furnished at a certain price, where the quantities had not been ascertained, and could not be readily ascertained, by the other party, and where such amount was subject to a reduction for damages for improper performance of some of the work, and the price of the extra work done was not agreed on.

Appeal from judgment on report of referee.

Action by Clarence Delafield against the village of Westfield. From a judgment entered on the report of a referee, both parties appeal. Affirmed.

The defendant is an incorporated village of this state, and in 1889, pursuant to chapter 181 of the Laws of 1875, and the acts amendatory thereof, entered upon the construction of a system of waterworks. April 16, 1889, the defendant published its general plans and specifications, and advertised that it would receive proposals for the construction of the work. June 24, 1889, the plaintiff signed a proposal for doing the work and furnishing the materials, at prices specified, which proposal was accepted by the defendant; and a contract was entered into between the parties July 1, 1889, by which the plaintiff agreed to complete the work on or before December 1, 1889, for prices agreed on for work to be done and materials to be furnished. The contract provided that three of the items contained in class 3 should be constructed for lump sums, to wit, the Hawley filter and cistern, for $1,500; valve house at main reservoir, for $100; main reservoir well, for $54.60. But the remainder of the work and materials furnished were to be paid for by quantities, at prices fixed. As security for the performance of this contract, the plaintiff deposited with the defendant a certified check for $2,000. The plaintiff entered upon the construction of the work shortly after the execution of the contract, and continued until about December 10, 1889, when various differences which had arisen during the performance of the contract culminated in a resolution adopted by the board of water commissioners December 17, 1889, annulling the contract on the alleged ground that the plaintiff had failed to perform it according to its terms and conditions. After the receipt of a copy of that resolution, the plaintiff did not furnish further materials or do anthing in execution of the contract; and February 20, 1890, he brought this action to recover for labor performed and materials furnished under the contract, and for damages, alleged to be $10,000, for the defendant's breach of the contract, and its failure to perform the same. The referee to whom the issues were referred ordered a judgment for the plaintiff for $12,608.70, disallowing the plaintiff's claim for interest on the items making up said sum, and disallowing the plaintiff's claim for damages alleged to have been sustained by defendant's termination of the contract. The plaintiff excepted to the disallowance of interest, and also to the denial of his motion to amend his complaint so as to claim interest. The defendant filed exceptions to all the conclusions of law. The principal appeal is the defendant's, which will be first considered.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

David McClure, for plaintiff.

Frank W. Stevens, for defendant.

FOLLETT, J. This action has been twice tried. On the first trial the referee held that the defendant was not required by the contract to pay on the 10th day of each month 90 per cent. of the value of all materials furnished and labor performed during the preceding month, but was bound to pay only 90 per cent. of the value of such work as had been fully completed, and of materials used in completed work. The referee also held that the provision in defendant's proposals, "The vitrified pipe line is mostly, and the tunnels are entirely, to be in soft shale rock," was not binding on the defendant. On an appeal to the general term it was held that these constructions of the contract were erroneous, and a new trial was granted. 77 Hun, 124, 28 N. Y. Supp. 440.

The contract provided:

"The party of the first part [the defendant] agrees that their executive committee will cause an estimate to be made before the tenth day of each month of the value of the labor and materials on all work completed up to the first day of the same month, and will on said tenth day of each month pay to the party of the second part [the plaintiff], as a partial payment, 90 per cent. of the contract price of such completed work."

The referee before whom the trial now under review was had followed the rule laid down by the general term,—that the plaintiff was entitled to be paid on the 10th day of each month 90 per cent. of the value of materials furnished and work performed during the preceding month,—and decided, as a question of fact, that the defendant had failed to perform this stipulation in the contract. The decision of the general term upon this clause of the contract is sought to be reopened in this court. It seems to me that this construction of this clause, which is quite indefinite, is the only one which is permissible. Under the defendant's theory, in case a large amount of iron pipe had been delivered on the works, or one of the reservoirs had been nearly completed, the contractor would not be entitled to any advance, because the reservoir was not completed and the iron pipe in place. This clause should be construed with reference to the well-known and uniform practice under such contracts; that is, that the contractor is entitled to his percentage upon the value of his work done and materials furnished during the preceding month. I think the general term correctly construed this clause in the contract; and, this being the correct construction, it is not contended by the defendant that it had paid monthly the amounts to which the plaintiff was entitled.

In July, 1889, the plaintiff began the construction of the principal, or "Kent," reservoir, and shortly afterwards was stopped by the owner of the fee of the land upon which the reservoir was to be constructed, because the village had not acquired title to the land; and for more than a month labor was suspended upon that part of the work, because the title had not been acquired, which was solely the

defendant's fault. The referee also found, upon evidence which is ample to sustain the finding, that the vitrified pipe line was not mostly, and the tunnels entirely, in soft shale rock, but, on the contrary, that these excavations were in solid rock, which caused additional expense, and delayed the prosecution of the work, for which the plaintiff was entitled to extra compensation. These were the failures on the part of the defendant which the referee specifically found. The defendant did not furnish detailed working plans, definitely describing how the several parts of the work were to be performed; and the referee was of the opinion that, as the contract did not specifically require that such plans be furnished, the defendant was not bound to furnish them. In this I think the referee erred, for it is clear that the specifications which form part of the contract are not sufficiently definite to enable any contractor to complete the work, unless full discretion was vested in him to determine precisely how every part of the work was to be done. Such was not the intention of the parties to the contract; nor was it reasonable for the defendant to assume to give daily instruction to the plaintiff's laborers as to how the work should be constructed, but it was its duty to furnish detailed statements in advance of the plaintiff's entering upon the performance of a specific portion of the work, so that, for example, he could know how much was to be excavated here, and what grades were to be adopted for the pipe line throughout its route. A profile of its line, showing elevations, depressions, etc., should have been furnished in advance of entering upon the work; for it was not intended that the pipe lines should be buried just six feet below the surface of the earth at all points, which would leave irregular pipe lines, with frequent changes of grade, of much less strength than lines properly laid. So, in respect to the reservoirs, detailed plans, showing their flow lines, and the depth to which the excavations were to be carried at all points within those lines, should have been furnished. Such plans were absolutely necessary to enable the plaintiff to prosecute with advantage the work in which he was engaged, and the defendant was not justified in simply giving daily instructions as to what the plaintiff should do in these respects.

The learned referee held that by reason of the defendant's failure to pay monthly 90 per cent. of the value of the work done and materials furnished during each preceding month, and by its delay in acquiring title to the land for the Kent reservoir, and because the excavations for the vitrified pipe line and the tunnels were in hard instead of in shale rock, the plaintiff was excused for not completing his contract by the 1st of December, 1889. Aside from the failure to complete the work within the time contracted, the referee found that the plaintiff had failed to lay several hundred feet of the pipe lines six feet below the surface, and that by reason thereof the defendant was damaged to the extent of $2,000, which sum the referee deducted from the amounts found due the plaintiff for work done and materials furnished. Both parties having broken the contract, and the defendant's breaches being a perfect or partial excuse for the plaintiff's failures, the latter's breaches are not a complete defense to his action to recover the value of labor performed and materials furnished. A

party to a contract, whose failures to perform it have contributed to the failures of the other party to perform, cannot urge that the failures of the latter are an absolute defense to an action brought by him to recover for partial performance.

It is not urged in behalf of the defendant that the referee erred in the admission or rejection of evidence, and I am of the opinion that the defendant has failed to demonstrate that the referee has erred to the prejudice of the defendant, and that its appeal cannot be sustained.

But a single question is urged in support of the plaintiff's appeal, which is that the referee erred in not allowing him interest on all or some of the items making up the sum recovered. The case does not show that the defendant has collected the plaintiff's certified check for $2,000, deposited by the plaintiff as security for his performance of the contract; and, in the absence of such evidence, the plaintiff is not entitled to interest on that item. The other items making up the recovery were unliquidated. Neither the quantities of the work performed, nor the quantities of materials furnished, for which the prices were agreed on, had been ascertained, nor could they be readily ascertained, by the defendant; and, the amount when ascertained, was subject to a reduction for damages sustained by the defendant for improper performance by plaintiff of some of the work; and the amounts due for extra work, for which prices were not agreed on, were clearly unascertainable without taking evidence. The claims recovered by the plaintiff were unliquidated. Mansfield v. Railroad Co., 114 N. Y. 331, 21 N. E. 735, 1037; Gray v. Railroad Co., 89 Hun, 477, 35 N. Y. Supp. 378, affirmed in 157 N. Y. 483, 52 N. E. 555. I think no error was committed in refusing to allow the plaintiff interest on the several items included in his recovery.

The judgment is affirmed, without costs to either party, as both have appealed, and neither has succeeded. All concur.

