SMITH et al. v. RUGGIERO.

(Supreme Court, Appellate Division, First Department. June 8, 1900.)

MECHANIC'S LIEN—FORECLOSURE—PLANS AND SPECIFICATIONS—WILLFUL NONCOMPLIANCE—NEGLIGENT NONCOMPLIANCE—DISMISSAL OF COMPLAINT.

    Where plaintiffs, having contracted to build a barn for defendant for $6,900 according to certain plans and specifications, negligently depart from such specifications in some material respects and willfully in others, so that the defects pervade the whole work, and it would require an outlay of $1,200 to remedy them, a complaint to foreclose a mechanic's lien for the unpaid contract price of the barn is properly dismissed on the facts.

Appeal from judgment on report of referee.

Action by Katherine N. Smith and others against Frank Ruggiero. From a judgment dismissing plaintiffs' complaint, they appeal. Affirmed.

Argued before PATTERSON, P. J., and HATCH, McLAUGHLIN, and INGRAHAM, JJ.

R. J. Mahon, for appellants.

L. Ullo, for respondent.

PATTERSON, P. J. This action was brought to foreclose a mechanic's lien upon real property situate in the city of New York. In April, 1891, the plaintiffs and the defendant entered into a written contract by which the former agreed to erect upon land of the latter a stable, and to furnish all the materials and labor required in the work, which was to be done according to certain plans and specifications for an agreed price of $6,900; $1,900 thereof to be paid when the roof timbers were on, and the balance of $5,000 when the building was finished. It is alleged in the complaint that, after the contract was made, various alterations and modifications of and additions to the plans and specifications were made with the consent of

the defendant, and upon his special promise to pay therefor. It is further alleged that the contract, as modified, was completed and fully performed by the plaintiffs; that the defendant accepted the work when completed, and specifically promised to pay therefor. The $1,900 was paid at the time required by the original contract, but the defendant has not paid the $5,000 for which the lien was filed. The defendant admits the making of the contract, but denies that modifications, alterations, and additions were made at different times as the work proceeded, or that he promised or agreed to pay the plaintiffs for the work done under alleged modifications, alterations, and additions. He denies that the plaintiffs have performed the work or furnished the materials provided for in the contract, or that they fulfilled all the conditions of the contract, and denies that the work was accepted, or that he ever promised or agreed to pay the plaintiffs therefor, and he sets up a counterclaim for damages for the nonperformance by the plaintiffs of their contract. The cause was tried before a referee, who dismissed the complaint on the merits, and from the judgment entered thereon the plaintiffs appeal.

The only subjects involved in the appeal relate to substantial performance of the work by the plaintiffs and the acceptance of the completed work by the defendant. The referee has found on those subjects against the plaintiffs. They now insist that no allowance should have been made by way of deduction, because of the defendant's acceptance of the work; that, if deductions should be allowed, then the referee was in error as to many of the items of allowance, and that, after making all proper allowances, he should have found that the plaintiffs substantially performed their contract as modified, altered, or added to. The evidence plainly shows that the plans and specifications for the work as originally projected were modified in some respects after the contract was signed, and before the 29th of June, 1891. The referee has found that the defendant accepted so much of the work as was done up to that date, but he also found, and was fully authorized to do so, that after the 29th of June, 1891, the plaintiffs failed to perform their contract as modified; and the evidence sustains his further finding that it would cost the defendant some $1,200 to supply the omissions and repair the defects in the work as it was left by the plaintiffs. The evidence is not sufficient to sustain a finding that the defendant specially promised to pay the plaintiffs the $5,000 as alleged in the complaint. The various details of the insufficiency in the performance of the contract are set out in full in the referee's report, and they are some 23 in number. Most of them are very substantial in their nature, and there is evidence to show that many of the departures from the modified contract and omissions of work must have been intentional; as, for instance, those relating to the thickness of the walls, the height of the partitions of the stalls, plumbing work, the shaft for fresh air, and the want of pillars or stones under posts supporting girders. Many of the defects for which the referee has held the plaintiffs responsible were omissions in the work required by the plans and specifications or departures therefrom after the 29th of June, 1891. The plans and specifications were never abandoned, but alterations and changes were

from time to time specifically agreed upon and authorized. The plaintiffs' witness Smith, who was their manager, testified that after June 29, 1891, the work was done under the specifications and the contract, and he claimed that it had been finished in accordance therewith. On examining the record and analyzing the evidence relating to the various items of omissions and defects in the work which are made the bases of the referee's finding that the plaintiffs failed to perform their contract, we see no reason for differing with him in the conclusion at which he arrived. The insufficiencies were so great that it cannot be said they were immaterial; and some of them, as before stated, must have been intentional omissions or intentional bad work. The referee was right in his view of the evidence upon the question of fact as to the performance of the contract. The defects pervade the whole work. They were very substantial, and not merely unimportant mistakes; and some, if not many, of them, willful and intentional departures or omissions from the contract. Under such circumstances the complaint was properly dismissed. Fox v. Davidson, 36 App. Div. 162, 55 N. Y. Supp. 524; Glacius v. Black, 50 N. Y. 145; Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Crane v. Knubel, 61 N. Y. 645; Spence v. Ham, 27 App. Div. 379, 50 N. Y. Supp. 960.

The judgment should be affirmed with costs. All concur.