(69 App. Div. 80.)

### SWEENY et al. v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 7, 1902.)

1. MUNICIPAL CORPORATIONS—CLAIM AGAINST CITY—DEMAND—INTEREST.

    Where a demand against a city is necessary to entitle a claimant to interest on his claim, the demand must be for the sum actually due.

2. SAME.

    Greater New York Charter (Laws 1897, c. 378) § 261, which provides that no action or special proceedings shall be maintained against the city unless it appears in the complaint that 30 days have elapsed since demand has been made on the comptroller for the adjustment thereof, and he has neglected or refused to make such adjustment, does not affect the right to interest on a claim against the city, or prevent it from bearing interest until the giving of a notice.

3. SAME.

    A claim against a city to recover for work done under a contract which did not fix the amount of work or material only bears interest from the date of a referee's report as to the amount under Code Civ. Proc. § 1235, which directs that the judgment shall include interest on the amount thereof from the time the verdict was rendered or the report or decision made.

Appeal from judgment on report of referee.

Action by James Sweeny and others against the city of New York. From a judgment in favor of plaintiffs, defendant appeals. Modified and affirmed.

Argued before VAN BRUNT, P. J., and HATCH, O'BRIEN, and INGRAHAM, JJ.

Theodore Connoly, for appellant.

L. Laflin Kellogg, for respondents.

INGRAHAM, J. The action was brought to recover for work, labor, and services rendered by the plaintiffs under a contract made with the plaintiffs by the commissioner of buildings of the borough of Manhattan to remove certain unsafe walls of the Hotel Windsor, in the city of New York, which was destroyed by fire on the 17th day of March, 1899, and in recovering dead bodies under the ruins of the hotel. The complaint alleges that the work was performed at the special instance and request of the defendant through its commissioner of buildings of the borough of Manhattan, and the answer denies that the plaintiffs performed work, labor, and services and furnished materials to the defendant between the 17th day of March and the 3d day of April, 1899, of the value of and at the agreed price specified in the complaint; but there is no denial that the work that was performed by the plaintiffs was at the request of the commissioner of buildings. The action was tried before a referee, where the only question was as to the amount due to the plaintiffs. The referee reported in favor of the plaintiffs for $79,229.93. The complaint alleged and the answer admitted that the said claim was presented to the comptroller on the 29th day of June, 1899, and the referee allowed interest on the amount due from the 3d day of May, 1899. Judgment was entered upon this report, when the parties entered into a stipulation which recited the entry of the judgment;

that the defendant desired to appeal from the portion of such judgment as allowed interest on the sum of $79,229.93 from May 3, 1899, and the plaintiffs desired to obtain immediate payment of the amount of said judgment not disputed, namely, the amount awarded by the referee, with costs of the action, and interest thereon from the date of the judgment, to wit, February 21, 1901, and it was stipulated that the defendant should pay to the plaintiffs this sum; that said payment was to be made without prejudice to the claim of the plaintiffs that interest on the amount of $79,229.93 is due and payable from June 29, 1899, and without prejudice to the claim of the defendant that no interest whatever is due on the amount awarded to the plaintiffs for any time before the date of entry of judgment, to wit, February 21, 1901; and it was further stipulated that whereas, by oversight, interest on the said sum of $79,229.93 was directed in said judgment to run from May 3, 1899, down to the date of the entry of said judgment, the fact being that the notice of the claim and demand of interest was not filed in the office of the comptroller of the city of New York until June 29, 1899, that, in the event that it shall be finally adjudged that the plaintiffs are entitled to interest on the said amount to the date of entry of judgment, that interest should run on the said amount from June 29, 1899, and not from May 3, 1899; and that the appeal from the judgment shall bring up only the question of the allowance of interest prior to the entry of judgment. The question presented, therefore, is whether the plaintiffs are entitled to interest on the amount awarded from June 29, 1899, to February 21, 1901, the date of the entry of the judgment. The plaintiffs' claim presented to the comptroller was to recover the sum of $106,080.43. The issue raised by the answer was as to the value of the labor and services rendered by the plaintiffs. The plaintiffs have succeeded in establishing their claim for $79,229.93, but the judgment determined that the plaintiffs were not entitled to recover the sum that they had demanded from the comptroller, but a sum nearly $25,000 less than that demanded. The plaintiffs demanded of the city, not the amount due them for work, labor, and services rendered, and for which they were entitled to be paid under their contract, but an amount largely in excess of that actually due and to which they were entitled. It seems to be well settled that, where a demand is necessary to entitle a party to interest, demand must be for the sum of money due, so that the party refusing to pay the amount demanded is in default. In Cutter v. Mayor, etc., 92 N. Y. 169, Judge Danforth says:

"Where, however, a demand is necessary as a foundation for a claim of interest, it must be a distinct demand for a sum of money to which the party is then entitled."

See, also, Carpenter v. City of New York, 44 App. Div. 230, 60 N. Y. Supp. 633; Deering v. City of New York, 51 App. Div. 402, 64 N. Y. Supp. 606.

The notice to the comptroller was served in compliance with section 261 of the charter of the city of New York (chapter 378, Laws 1897), which provides that:

"No action or special proceeding, for any cause whatever, shall be prosecuted or maintained against the city of New York, unless it shall appear

by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment of payment thereof for thirty days after such presentment."

There is nothing in this provision of the statute which changes the time at which an obligation of the city shall become due and payable, or which affects at all the liability of the city of New York upon its obligation. It affects merely the remedy, and requires a presentation of a claim to the comptroller, and a neglect of the comptroller to adjust or pay the same for 30 days, before a claimant against the city can maintain an action to recover the amount of his claim. I cannot see that the presentation of the claim or demand upon the comptroller affects the liability of the city to pay, or the date from which interest should be allowed. The right of the plaintiffs to interest must depend upon the general rule of law as to when interest is payable upon a demand of this character for which a recovery has been had. Much has been written in text-books and reported cases upon the right to recover interest upon unliquidated demands, and the cases upon the subject are not easily reconciled. It is, however, now settled in this state that in an action to recover damages for a breach of a contract, where the damages are unliquidated, that interest runs from the date of the judgment, subject to the provision of section 1235 of the Code of Civil Procedure, which directs the clerk of the court to include in the amount of the judgment interest upon the verdict, report, or decision from the time that the verdict was rendered or the report or decision made. In White v. Miller, 71 N. Y. 118, 27 Am. Rep. 13; Id., 78 N. Y. 393, 34 Am. Rep. 544,—it was held in such a case that, where the demand was unliquidated, and the amount could not then be determined by computation simply, or by reference to market values, the plaintiff was only entitled to interest from the date of the entry of the judgment; and this was followed in McMaster v. State, 108 N. Y. 542, 15 N. E. 417; Mansfield v. Railroad Co., 114 N. Y. 331, 21 N. E. 735, 1037, 4 L. R. A. 566; Gray v. Railroad Co., 157 N. Y. 483, 52 N. E. 555; and Sloan v. Baird, 162 N. Y. 327, 56 N. E. 752. In this latter case Judge Haight, delivering the opinion of the court, says:

"The rule, as stated in these cases, is to the effect that in an action to recover unliquidated damages for a breach of a contract interest is not allowable unless there is an established market value of the property, or means accessible to the party sought to be charged of ascertaining, by computation or otherwise, the amount to which the plaintiff is entitled."

The case under consideration, however, differs from these cases in that this action is not brought to recover damages for a breach of a contract, but to recover the amount due under a contract for work, labor, and services rendered according to the terms of the contract. The referee has found that it was agreed between the parties that the plaintiffs were to receive from the defendant "the following prices for the following classes of work to be done and material so

furnished as aforesaid, to wit," and then follows the price that the defendant was to pay to the plaintiffs for the work to be done and materials furnished. In Delafield v. Village of Westfield, 41 App. Div. 24, 58 N. Y. Supp. 277, affirmed without opinion in 169 N. Y. ——, 62 N. E. ——, this rule seems to have been extended to an action brought to recover for work done and materials furnished under a contract. Mr. Justice Follett, writing the opinion of the court, says:

"The other items making up the recovery were unliquidated. Neither the quantities of the work performed nor the quantities of the materials furnished for which the prices were agreed on had been ascertained, nor could they be readily ascertained by the defendant, and the amount, when ascertained, was subject to a deduction for damages sustained by the defendant for improper performance by plaintiff of some of the work; and the amounts due for extra work, for which prices were not agreed on, were clearly unascertainable without taking evidence. The claims recovered by the plaintiff were unliquidated."

That case seems to have settled the question presented in this case, and the referee erred in providing for the recovery of any amount of interest. The plaintiffs were, however, entitled to have included in the recovery, under section 1235 of the Code of Civil Procedure, interest upon the amount of principal damage from the time the report was made—which was presumably upon its date—to the date of the entry of the judgment. He therefore should have added to the recovery the interest upon the principal damage from February 15, 1901, the date of the report, to February 21, 1901, the date of the entry of the judgment, namely, the sum of $79.30 only. This necessarily reduces the recovery as contained in the judgment entered by the sum of $8,477.55.

The judgment should be accordingly modified, and, as modified, affirmed, without costs to either party. All concur.