### MITCHELL v. WILLIAMS.

(Supreme Court, Appellate Division, First Department. March 6, 1903.)

1. BUILDING CONTRACTS—NONPERFORMANCE—EFFECT.

Where a building contract required plaintiff to finish in a thoroughly workmanlike manner, to defendant's satisfaction, the work specified, and defendant agreed to pay the contract price in consideration of the covenants and agreements being "strictly executed," and in an action to enforce the contract the trial court found that plaintiff had failed to finish the work in accordance with the contract to the extent of one-seventh in value of the contract price, a finding that plaintiff had substantially performed the contract, and a judgment in plaintiff's favor for the contract price less a deduction of one-seventh, was erroneous.

2. SAME—ACCEPTANCE—POSSESSION.

Where a contract for the erection of a building was not performed by the contractor in accordance with the contract, the fact that the owner allowed his tenant to enter and use the building as erected did not constitute an acceptance of the work.

3. SAME—CONTRACT—CONSTRUCTION—PROVISION FOR ENTRY BY OWNER.

Where a building contract authorized the owner to take possession of the work and complete the same on the contractor's default, such provision was a privilege of the owner, and not a duty which he owed to the contractor, and his failure to exercise the same did not constitute a waiver of the contractor's default.

4. SAME—SUPERVISION OF OWNER.

Where a building contract provided that the work should be done to the owner's satisfaction in a perfect workmanlike manner, and should be accepted by him, and after the work was finished the owner refused to accept it and pointed out defects to the contractor, which he made no attempt to remedy, the fact that the work was done under defendant's supervision during its progress was immaterial.

5. SAME—EVIDENCE.

In an action to enforce a building contract, which defendant claimed had never been performed as specified, evidence that defendant rented the building as erected, and permitted the tenant to go into possession, and as to what the tenant did, was inadmissible.

Appeal from Special Term, New York county.

Action by Donald Mitchell against John T. Williams. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, INGRAHAM, and LAUGHLIN, JJ.

Richard T. Greene, for appellant.
Hoffman Miller, for respondent.

VAN BRUNT, P. J.   This action was brought to foreclose a mechanic's lien, which had been filed against certain premises at the northeast corner of Beach and West streets for a balance due upon a contract entered into between the plaintiff and the defendant, who was the owner of said premises, whereby the plaintiff contracted with the defendant to well and sufficiently execute, deliver, erect, and finish in a true, perfect, and thoroughly workmanlike manner, to the satisfaction and under the direction and supervision of the defendant, all the carpentry work (with certain exceptions therein mentioned) required in the erection and completion of the building at the northeast corner of Beach and West streets agreeably to the drawings and specifications furnished or to be furnished by the defendant, forming part of the contract; and to furnish and provide such good, proper, and sufficient materials of all kinds whatsoever as shall be proper and sufficient for completing and finishing the work theretofore named of the said building, as shown in the drawings and mentioned in the specifications, for the sum of $11,154.   The defendant agreed by said contract to pay said sum in consideration of the covenants and agreements therein named being strictly executed, kept, and performed by the plaintiff as specified.   The contract also contained a provision for the terms upon which extra or additional work should be done. It also provided that, should the contractor at any time during the progress of the work become bankrupt, or refuse or neglect to supply a sufficiency of material or workmen, or cause any unreasonable neglect or suspension of work, or fail or refuse to follow the drawings or specifications or comply with any of the articles of agreement, the defendant should have the right to enter upon and take possession of the premises, and at once terminate the contract; whereupon all claims of the contractor should cease.   It further provided that the defendant might provide materials and workmen sufficient to complete the said works, after giving 48 hours' notice in writing, and the expense of the notice and the completion of the various works should be deducted from the amount of the contract, or any part of it, due or to become due.   It also provided for the reference of any dispute respecting the true construction or meaning of any portion of the drawings or specifications to a competent architect, to be agreed upon, for decision. It also contained a provision that the defendant or his agent might reject any materials or workmanship deemed by him to be imperfect, and not agreeing with the drawings and specifications.   The plaintiff entered upon the performance of this contract, and, in addition to the work provided for by the contract, certain extra work was ordered, which, if performed according to the terms of the contract, amounted to the sum of something over $4,000; making a total amount which would become due to the plaintiff, if the contract and extra work was properly performed, of $15,372.93.   During the progress of the work the defendant paid $6,000 on account, and the plaintiff, claiming to have performed his part of the contract, filed a lien for the balance, and commenced this action for the purpose of foreclosing the same.

The learned court below found that the plaintiff had substantially performed his contract, but that the work as performed by him was not worth as much by $2,500 as it would have been if it had been completed in the manner provided for by the contract, and deducted that amount from the amount of the lien, and gave judgment for the balance. In other words, the plaintiff had failed to finish one-seventh of his contract, and yet was held to have substantially performed it. It seems to us that the statement of this proposition shows that the learned court below must have fallen into some error in supposing that there could possibly be a substantial performance when one-seventh of the work was undone. When I say "undone," I mean that the work as done was worth one-seventh less than it would have been had it been done in compliance with the terms of the contract. Now, it seems to be a proposition too plain for argument that when an owner makes a contract for the doing of a work upon a building of a particular character, and the work is done in an entirely different manner, as is conceded by the learned trial court in this case, he cannot be compelled to pay for the work, making deductions for the poor quality of work and material. It would seem that the learned court below was influenced in arriving at this conclusion by evidence that the defendant had rented these premises, and that the tenant had gone into possession, and did not object. It is difficult to see how it was possible for the action of any tenant to be binding upon the defendant. It is too well established a rule to need the citation of authority that the mere taking possession of work which has been done upon one's own premises is not an acceptance by which the owner waives noncompliance with the contract.

If we might refer to the opinion of the learned court, it will be seen at once that the court was of the opinion that this contractor could not perform the work in the manner called for by the contract. He says: "The evidence shows that the work done under the contract, and extras charged for in the complaint, were performed by the plaintiff after the fashion in which he performed his work." It was not a question of the fashion in which the plaintiff performed his work. The question was as to the fashion which the contract called for, and which the defendant had a right to exact. He had been particular in his contract to provide for the doing of the work in a perfect and thoroughly workmanlike manner, to the satisfaction and under the supervision of the defendant, and his covenant to pay was in consideration of the covenants and agreements in the contract being strictly executed, kept, and performed. It cannot be that a man, when he makes a contract which calls for strict performance of work to be done upon his premises, and work of an entirely different character is put thereon, he is compelled to pay the contract price, after deducting the difference between what the good work and materials would have cost and what the bad work and bad materials might have been worth had such been called for by the contract.

It is urged upon the part of the respondent that the defendant never availed himself of the provisions of the contract to take possession of the work and complete the same. It is sufficient in an-

swer to that proposition to say that that was a privilege which he had, and not a duty that he owed.

It is further claimed that the defendant never exercised his right of rejection of any materials or workmanship deemed by him to be improperly performed, and not in accordance with the drawings and specifications. On the contrary, the evidence shows that he has distinctly objected and pointed out to the contractor the defects which he claimed to exist in this work, and the contractor in no way attempted to remedy the defects. The fact that the work was done under the defendant's supervision is not of the slightest consequence, because he never accepted the work. When the time came for him to decide upon this proposition, he rejected the work, and refused to make the payments therefor, and called the plaintiff's attention to the defects which existed therein. It is difficult to see what more the defendant could do than he has done, except to abandon his own premises, which the law has not as yet required. The evidence shows, as admitted by the learned trial court, that the material was not of the character, or put in in the manner, required by the contract; but because the defendant's tenant went into the premises, and did not find any fault, therefore the defendant is to pay for a character of work for which he did not contract, and which he did not want. It was clearly error to allow evidence to be introduced as to what the tenant did, or as to the fact that the defendant had rented the premises, and that the tenant had gone into possession. It may very well be that the defendant, rather than stand a suit by the tenant, permitted him to go into possession of the premises, although the work did not comply with the contract; and the tenant may have been in such a position in regard to his necessities as to a place of business that he accepted what he could get, rather than be without the accommodation which it was necessary for him to have. But it is well established that the fact of taking possession of work done upon one's own premises is no evidence of acceptance. A contractor cannot, by doing inferior work, exclude an owner from taking possession of his own.

We think that upon the findings of the court it appears that there never was a substantial compliance with this contract, and the evidence shows, and the opinion of the court concedes, that there never was an attempt upon the part of the plaintiff to comply with its terms.

The judgment should be reversed, and a new trial ordered, with costs to the appellant to abide event. All concur.