EXCELSIOR TERRA COTTA CO. v. HARDE et al.

(Supreme Court, Appellate Division, First Department. January 8, 1904.)

1. BUILDING CONTRACTS—PARTIAL PERFORMANCE.

Where plaintiff sued on a building contract, alleging full performance, and sought to recover $7,855 and interest, and the trial court found that plaintiff's claim should be abated and was invalid to upwards of 39 per cent. by reason of defective work and for inexcusable delay in completing the same, plaintiff was not entitled to recover.

2. SAME—INTEREST.

Where the claim of a building contractor under a contract was unliquidated, and defendant obtained a substantial deduction for defective work and delays, plaintiff was not entitled to interest on the amount recovered.

3. SAME—DEMAND.

Where a building contract did not provide for interest, the contractor could not recover interest, in the absence of proof of a demand of payment of the exact amount due.

4. SAME—ARCHITECT CERTIFICATE.

Where a building contract provided for payments on architect's certificates, the contractor could not recover interest on the amount due without producing the certificate, unless wrongfully withheld.

5. SAME.

Where a building contractor had not performed his part of the contract, and in an action thereon the court allowed nearly one-third of the entire claim as damages for defects and delays, the architect's refusal to furnish the contractor with a final certificate of performance was not wrongful.

Appeal from Special Term, New York County.

Action by the Excelsior Terra Cotta Company against Dudley S. Harde and another. From a part of the judgment in favor of plaintiff awarding interest on the amount recovered, defendants appeal. Modified.

See 74 N. Y. Supp. 163.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Nathan Ottinger, for appellants.

Charles Coleman Miller, for respondent.

McLAUGHLIN, J. This action was brought to foreclose a mechanic's lien for work performed and materials furnished in erecting for defendants a building in the city of New York. The complaint alleged that the parties entered into a contract by which the plaintiff agreed to do certain work and furnish certain materials for the erection of a building for the defendants in the city of New York, and for which it was to receive the sum of $6,600; that the plaintiff duly performed all the terms and conditions of the contract upon its part, together with certain additions thereto authorized in writing, by which it was entitled to receive the further sum of $155, and also that it performed extra work and furnished extra materials not specified in the contract or authorized in writing, by which it became entitled to receive the further sum of $1,100, making a total of $7,855, for which judgment was demanded. The answer admitted the making of

the contract, denied the other material allegations of the complaint, and specifically denied the claim for $1,100 for extra work. It further set up a counterclaim amounting to $20,200 for damages alleged to have been sustained by reason of plaintiff's failure to perform the contract in furnishing the materials required and completing the work within the time specified. The plaintiff had a recovery for $4,755, together with interest thereon from September 5, 1901, to December 10, 1902, and a foreclosure was directed to satisfy this amount. Judgment was entered to this effect, and defendants have appealed from so much thereof as allows interest on the amount recovered.

I think the judgment should be modified in so far as the defendants have appealed from it. The plaintiff sought to recover $7,855 and interest. It recovered only $4,755. In other words, the trial court held that the claim which it made against the defendants was invalid in upwards of 39 per cent. The claim of $1,100 for extra work was disallowed upon the merits, and, in addition thereto, the court found that the defendants were entitled to offset against the plaintiff's claim the sum of $2,000 by reason of the defective way in which it performed the work specified in the contract and inexcusable delays in completing the same. The contract price, it will be remembered, was $6,600, and the plaintiff predicated its right to recover upon full performance. The trial court found, and the evidence sustains the finding, that it did not fully perform; on the contrary, that nearly one-third of the value of the contract remained unperformed at the time the notice of lien was filed and the action commenced, and by reason thereof the defendants had been damaged to the extent of $2,000, which amount they could set off in reduction of plaintiff's claim. Upon this state of facts the plaintiff was not entitled to recover. Mitchell v. Williams, 80 App. Div. 527, 80 N. Y. Supp. 864. In the case cited the contractor failed to perform one-seventh of the work specified in his contract. The trial court, after deducting such amount from the contract price by reason of defective materials furnished and delays in completing the work, gave judgment for the balance. On appeal the judgment was reversed, this court holding that, where there had been such a material part of the contract unperformed, a party could not recover upon an allegation of full performance. In the case now before us the trial court found that nearly one-third of the contract remained unperformed, and, had it followed the rule laid down in the case cited, the complaint would have been dismissed. This, however, was not done, and, inasmuch as there has been no appeal from any portion of the judgment except that allowing interest, the same must be affirmed, except so far as appealed from, and in that respect the judgment must be modified.

The plaintiff was not entitled to recover interest for another reason. The claim made by it was unliquidated, and was subject to a reduction, as the trial court found, of $3,100. This being the situation, the case fell directly within the rule laid down in Delafield v. Village of Westfield, 41 App. Div. 24, 58 N. Y. Supp. 277, affirmed 169 N. Y 582, 62 N. E. 1095. There action was brought to recover the contract price for labor performed and materials furnished, and the de-

fendant claimed damages for breaches of the contract, which claim was allowed to the extent of $2,000. Here, as already said, the damages were unliquidated. The plaintiff had not performed its contract, and for which it was legally liable to respond in damages to the extent of $2,000, nor was it entitled to recover $1,100 claimed for the extra work. But it is said that the case of Delafield v. Village of Westfield, supra, has, in effect, been overruled by Sweeny v. City of New York, 173 N. Y. 414, 66 N. E. 101. We do not think it has. The Sweeny Case is clearly distinguishable from the Delafield Case and the one now before us. In the Sweeny Case the plaintiff entered into a contract with the city of New York for tearing down the walls and removing from the ruins of the Windsor Hotel the débris and recovering the dead bodies buried therein. The contract did not prescribe any gross sum to be paid for the work, but plaintiffs were to be allowed a specified price for each item of labor and materials furnished by them. After the completion of the work the plaintiffs presented a claim to the comptroller for something over $100,000. The claim was rejected, and thereupon action was brought, and a recovery had for over $79,000, upon which interest was allowed from the time stated. On appeal to this court the judgment was modified, and on appeal to the Court of Appeals the judgment of this court was reversed and that of the trial court affirmed, but in affirming the judgment the Court of Appeals reaffirmed the doctrine laid down in the Delafield Case; Judge Cullen, delivering the opinion, saying:

"In Delafield v. Village of Westfield, 41 App. Div. 24 [58 N. Y. Supp. 277], affirmed without opinion by this court 169 N. Y. 582 [62 N. E. 1095], the plaintiff's claim was on a quantum meruit for labor and materials furnished under a contract which had been broken by each party. The claim was subject to reduction for the damages caused the defendant by the plaintiff's breach of contract and improper performance of his work. Defendant's set-off was unliquidated, and the plaintiff's recovery was necessarily dependent upon the amount of that set-off. Interest was therefore allowed to neither party."

Here the plaintiff's claim was subject to reduction for damages caused by its breach of contract. The amount of the set-off was unliquidated, and what the plaintiff was entitled to could not be ascertained until the amount of the set-off had been determined. Such amount was determined upon the trial to be $2,000, and in addition the claim made by the plaintiff was subject to a further reduction of $1,100 for extra work. It cannot be that one can be subjected to a liability for interest which depends upon a proper demand because he does not accede to an improper demand. The demand made by the plaintiff prior to the commencement of the action upon which the claim for interest has been allowed not only exceeded by $2,000 the amount due upon the contract, but it was also coupled with an illegal demand for $1,100 for extra work which had never been done, and for which, as already indicated, the court expressly found it was not entitled to recover anything. The contract did not in express terms provide for interest, and a demand was therefore necessary to set interest running, and it is well settled that when such demand is necessary it must be for the amount due, and, if it includes any item not recoverable, the demand is illegal, and interest cannot be allowed.

Cutter v. Mayor, 92 N. Y. 166; Deering v. City of New York, 51 App. Div. 402, 64 N. Y. Supp. 606.; Carpenter v. City of New York, 44 App. Div. 230, 60 N. Y. Supp. 633. Where one fails to perform his contract to the extent of upwards of 39 per cent., and then seeks to maintain an action to recover the contract price, basing his right to recover upon full performance, a court of equity will not permit a recovery. Mitchell v. Williams, 80 App. Div. 527, 80 N. Y. Supp. 864; D'Amato v. Gentile, 54 App. Div. 625, 66 N. Y. Supp. 833, affirmed 173 N. Y. 596, 65 N. E. 1116; Smith v. Ruggiero, 52 App. Div. 362, 65 N. Y. Supp. 89, affirmed 173 N. Y. 614, 66 N. E. 1116. So here, had the defendants appealed from the whole judgment, it would, under the authorities cited, have to be reversed, and the entire claim disallowed; but, as already said, defendants have only appealed from so much of the judgment as allows interest, and to that extent it is erroneous.

The plaintiff was not entitled to recover for another reason, and that is because it did not produce the architect's certificate entitling it to payment. The contract provided that the payments were to be made upon the certificate of the architect. It is true the complaint alleges that the architect wrongfully withheld the certificate, but the findings made by the trial court show that this is not the fact. Plaintiff had not performed his part of the contract, and therefore was not entitled to be paid. Under a clause in a contract of this character the obtaining of the certificate is indispensable to a recovery. Weeks v. O'Brien, 141 N. Y. 199, 36 N. E. 185; O'Brien v. Mayor, 139 N. Y. 543, 35 N. E. 323. Discussion is unnecessary to demonstrate that the architect was not unreasonable in refusing a certificate where the court finds, after an investigation, that the plaintiff had not performed its contract, and by reason thereof defendants were entitled to an allowance by way of damages in nearly one-third of the entire contract price.

The judgment, so far as appealed from, therefore, must be modified by striking out the allowance for interest, and, as thus modified, by deducting the amount of interest allowed, but on appeal affirmed, with costs to the appellants. All concur.