JOSE DE CARRICARTE, Respondent, *v.* JOSE GARCIA BLANCO, Appellant.

*Court of Appeals, April* 22, 1890.

Reversing, 49 Hun, 609, Mem.

*Interest. Unliquidated claim.*—Interest is not recoverable on a contested and unliquidated claim for compensation for services until a demand has been made, after the termination of the services, in such wise as to charge the debtor with notice of his deficiency.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon the report of a referee.

*J. Warren Greene*, for appellant.

*Emmet R. Olcott*, for respondent.

GRAY, J.—We think all of the questions raised by this appeal were properly disposed of in the courts below, except as to the allowance of interest upon the plaintiff's claim. The action was to recover the reasonable value of the plaintiff's services rendered to the defendant in relation to the defendant's interests in the estate of one Bartolome Blanco, deceased intestate, and of whom plaintiff was an heir and one of the next of kin. These interests the plaintiff continued to represent from some time in the year 1876 until the end of the year 1879. The referee allowed him interest from January 1, 1880, upon the sum which he found to be the value of his services. To his conclusion of law that the plaintiff was entitled to interest from that time the defendant duly excepted, and now insists upon the error of such a conclusion. Why the referee decided in that respect as he did does not appear, and I am at a loss to find good ground in support of his decision.

It must be conceded that this question of the allowance of interest is not one which may be said to be free from difficulty when considered in relation to unliquidated demands. In White *v.* Miller, 78 N. Y. 393, EARL, J., had occasion to review some of the decided cases in connection with an allowance of interest upon a recovery of damages for a breach of warranty in a sale of cabbage seed. He said as the result of his consideration of the cases cited by him of actions to recover for work, labor and materials, or for balance of account for money and professional services, that where an account for services, or for goods sold and

delivered, which has become due and is payable in money although not strictly liquidated, is presented to the debtor and payment demanded, the debtor is put in default and interest is set running.

In speaking of the cases of McCollum v. Seward, 62 N. Y. 316, and Mercer v. Vose, 67 Id. 56, where interest was allowed on unliquidated claims for services from the commencement of the action, Judge EARL says in his opinion in White v. Miller, "If in each of those two cases an account had been made and presented to the debtor and payment demanded it is probable that the court would have sustained an allowance of interest from such demand." I think the rule thus intimated by the learned judge in that case is a sound one and one which commends itself to our judgment in such a case as this. Here the claim for compensation for services was not only unliquidated; but the legal right to the plaintiff to recover anything for those services was contested by the defendant. The amount was absolutely uncertain which he should have, if he was entitled to anything, and the demand in his complaint rested on *quantum meruit*. Hence, I think it cannot be said that the defendant was in default towards the plaintiff in the discharge of any indebtedness, until, at least, the plaintiff had made a demand upon him after the close of his services and in such wise as to charge him with notice of his deficiency. Now such a demand was made in the shape of an account, showing, on one side, payments and charges for services, and, on the other, credits of moneys received. A balance thus appeared, of which payment was demanded in the letter enclosing the account. This account and the letter were dated December 31, 1882. I think then was the time when the defendant may be said to have been put in default and that no earlier date could be fixed upon, consistently with the authorities and the principles upon which interest is ever allowed.

The judgment should be reversed and a new trial ordered

unless the plaintiff consent to reduce his judgment by deducting and striking therefrom three years' interest upon the sum of $3568, found by the referee as the value of his services; in which event, the judgment as thus modified must be affirmed, without costs to either party as against the other upon the appeal to the general term and to this court.

All concur.