## LITTELL *v.* ELLISON.

*(Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. ACCORD AND SATISFACTION—RECEIPT IN FULL.
    Plaintiff claimed for services of himself and wife rendered to decedent, and for money and materials in improving decedent's farm, under an alleged oral agreement between plaintiff and decedent that, if plaintiff and wife would perform such services, and plaintiff would make such improvement, decedent would deed or will the farm to him. *Held,* that a settlement between plaintiff and decedent six months before her death, which settlement was evidenced by the exchange of receipts "in full of all claims, debts, and demands of every name and nature up to this date," and by the taking of a lease from her of the house on such farm, would not include plaintiff's claim to have the farm at her death.

2. INTEREST—UNLIQUIDATED DAMAGES.
    Plaintiff's claim, whether for a breach of contract or for services or expenditures on a *quantum meruit,* being an unliquidated demand until the amount was ascertained, could only draw interest from the date of the referee's report.

Appeal from special term, Steuben county.

Action by James Littell against George Ellison, executor of Rhoda Hughey, deceased, to recover on an agreement between plaintiff and deceased. Judgment for plaintiff. From an order denying defendant's motion for a new trial he appeals. Modified.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*F. A. Williams,* for appellant. *M. J. Sunderlin,* for respondent.

DWIGHT, P. J. The claim referred was against the estate of Rhoda Hughey, deceased, and was, in effect, a claim for damages resulting from the breach of an oral agreement on the part of the deceased to devise or convey to the plaintiff, by will or deed, to take effect at her death, a small farm on which she lived. The claim, as presented in writing and verified by the plaintiff, began by setting out three items of indebtedness of the deceased to the plaintiff: (1) For work and services of plaintiff and wife for six years, at $240 a year, $1,440; (2) for money and materials paid out and expended by the plaintiff in putting repairs on the farm mentioned, $400; (3) for use of a horse on the farm for three years, $150. It then proceeded as follows: "The above services were done, rendered, and performed, and said money and materials were paid out and expended, by me under a verbal agreement between said Rhoda Hughey, deceased, and myself, in her life-time, that if myself and wife would perform said services, and I would expend said money in making said repairs, purchasing said materials, and paying said workmen, at her decease she would will or deed me the farm on which the same was expended, and on which she then resided, in payment and satisfaction of the same, which said farm was of the value of $2,000; that at her decease she did not will or deed said farm to me, but disposed of it otherwise; and I claim that, by reason of the premises, there is justly due me from her estate either the value of said farm or the value of said labor, expenditures,"etc. The claim was therefore for a breach of contract, with a statement of the value of the services, etc., or the value of the farm, as the measure of damages.

The finding by the referee that the contract was made substantially as alleged cannot be disturbed. It is supported by the direct evidence of the plaintiff's wife, corroborated by some circumstances and by evidence of declarations of the deceased. There is conflicting, though not directly contradictory, evidence; but the case, on the whole, supports the finding of the referee.

The breach of the agreement, if it was made, is admitted. The deceased never executed any deed to the plaintiff, and although she did, at two different times after the agreement was made, execute an instrument intended to be her will, by which she devised the farm to the plaintiff, yet later, and a few months only before she died, she executed what has been admitted to probate as her last will and testament, by which she made other disposition

of the property in question, and made no provision for the plaintiff in lieu of that contained in the former instruments, or in satisfaction of the agreement proved. It is not questioned that the contract was fully performed by the plaintiff and his wife. A cause of action for damages was therefore made out, and the referee adopts as the measure of those damages the value of the services rendered, less payment thereon, and the money, etc., expended in repairs. The value of the six-years service of the plaintiff and his wife he fixes at $1,300, besides the board and clothes of his family, furnished by the deceased, on which $300 was paid in anual payments of $50, leaving a balance of $1,000, to which is added $400, as the amount and value of the expenditures for repairs. The principal contention of the defendant against this conclusion is based upon evidence showing a settlement between the plaintiff and the deceased some six months before her death, in which they exchanged receipts "in full of all claims, debts, and demands of every name and nature up to this date," and in which the plaintiff accepted a lease of the dwelling-house on the farm for four months from that date. But the referee finds that such settlement "had no reference to and did not include the plaintiff's claim to have said farm when said Rhoda Hughey died, or was done with it, according to said agreement;" and so it could not have done, since the time had not elapsed during which that agreement was, by its terms, to be performed on the part of the deceased, and no claim for damages for its non-performance had yet arisen. The assumption in this connection that the referee has found that the item of $400 for expenditures in repairs was included in the settlement is a mistaken one. It is based upon one of the additional findings of the referee made in answer to a request of the defendant, which, upon a cursory reading, might seem to convey the meaning suggested. Such meaning would be entirely inconsistent with the findings of fact, conclusions of law, and direction for judgment previously made, as well as with the whole scope and tenor of the referee's decision. The inconsistency does not in fact exist. A careful reading of the finding referred to shows that the referee intended to except the item in question from the matters settled, as found by him, and to include it in the claim of the plaintiff based upon the failure of the deceased to convey or devise the farm to him. Indeed, the case contains an exception by the defendant to the finding in question, upon the ground, apparently, that it did except the item of $400 from the effect of the settlement.

There remains but a single question arising upon the decision of the referee. He finds that the plaintiff is entitled to the sum of $1,400, with interest thereon from the 28th day of June, 1888, which was the date of the death of the plaintiff's testatrix. The finding as to interest seems to be incorrect. The plaintiff's claim, whether for damages for breach of the agreement found, or for compensation for services or expenditures on a *quantum meruit,* was an unliquidated demand until the amount was ascertained by the referee, and should draw interest only from the date of his report. *De Carricarti* v. *Blanco,* 121 N. Y. 230, 24 N. E. Rep. 284; *Smith* v. *Velie,* 60 N. Y. 106. The judgment should be modified by striking out interest on the amount of damages found by the referee from the date of the death of the testatrix to the date of the referee's report.

The objection to the testimony of the wife of the plaintiff as to the agreement between him and the deceased was not well taken. The witness was neither a party to this action nor to the transaction to which she testified, nor was she interested in the event of the action.

The recovery, though measured, in part, by the value of her own services, belongs solely to the plaintiff. *Hobart* v. *Hobart,* 62 N. Y. 80. The order appealed from should be affirmed, with the modification above suggested. Order appealed from modified by inserting a provision reducing the amount of the judgment as entered by the sum of $182, as of the date of the referee's report, and as so modified affirmed, without costs of this appeal to either party. All concur.