James Sweeny et al., Composing the Firm of D. Sweeny's Sons, Appellants, v. The City of New York, Respondent.

Interest — When Contractors Are Entitled to, from Date of Presentation of Claim. In an action upon a contract for work done and materials furnished, which provided that plaintiffs were to be allowed a specific price for each item of labor or materials furnished, they are entitled upon recovery to interest upon their claim from the time of their demand for its payment.

*Sweeny* v. *City of New York,* 69 App. Div. 80, reversed.

(Argued January 20, 1903; decided February 10, 1903.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered March 25, 1902, modifying and affirming as modified a judgment in favor of plaintiffs entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*L. Laflin Kellogg* and *Alfred C. Petté* for appellants. Interest was properly allowed upon the plaintiffs' recovery from the time the claim sued upon was presented to the comptroller for settlement and adjustment up to the time of the entry of the judgment. (*Adams* v. *Fort Plain Bank,* 36 N. Y. 255; *Van Rensselaer* v. *Jewett,* 2 N. Y. 135; *McMahon* v. *N. Y. & E. R. R. Co.,* 20 N. Y. 463; *Mygatt* v. *Wilcox,* 45 N. Y. 306; *Parrott* v. *K. I. Co.,* 46 N. Y. 361; *Morgan* v. *Skiddy,* 62 N. Y. 319; *Taylor* v. *Mayor, etc.,* 67 N. Y. 87; *De Carricarti* v. *Blanco,* 121 N. Y. 230; *Spalding* v. *Mason,* 161 U. S. 375; *N. & L. Co.* v. *B. & L. Co.,* 61 Fed. Rep. 237.)

*George L. Rives, Corporation Counsel* (*Theodore Connoly* and *Terence Farley* of counsel), for respondent. In actions for breach of a contract, where the damages are unliquidated,

interest is not to be allowed upon the damages unless they are such as might be easily ascertained and computed at the time of the breach from facts which are then known to exist. (1 Sedg. on Dam. [8th ed.] § 297; *Adriance* v. *Brooks*, 13 Tex. 279; *C. M. Co.* v. *W. M. Co.*, 151 U. S. 317; *Van Rensselaer* v. *Jewett*, 2 N. Y. 135; *Spalding* v. *Mason*, 161 U. S. 375; *White* v. *Miller*, 78 N. Y. 393; *McMaster* v. *State*, 108 N. Y. 542; *Mansfield* v. *N. Y. C. & H. R. R. R. Co.*, 114 N. Y. 331; *Gray* v. *C. R. R. Co.*, 157 N. Y. 483; *Sloan* v. *Baird*, 12 App. Div. 481; 162 N. Y. 327; *Crawford* v. *M. & E. P. Co.*, 22 App. Div. 54.) The damages in suit are unliquidated. (8 Am. & Eng. Ency. of Law [2d ed.], 542; *McMahon* v. *N. Y. & E. R. R. Co.*, 20 N. Y. 463.) The rule that an unliquidated claim bears interest from the date of a demand for its payment, and from that time on the debtor is in default, has no application. (*Holmes* v. *Rankin*, 17 Barb. 452; *Cutter* v. *Mayor*, 92 N. Y. 166; *Goff* v. *Rehoboth*, 2 Cush. 475; *Marsh* v. *Fraser*, 37 Wis. 149; *Tucker* v. *Grover*, 60 Wis. 240; *Carpenter* v. *New York*, 44 App. Div. 230; *Deering* v. *New York*, 51 App. Div. 402; *Doyle* v. *St. James' Church*, 7 Wend. 178; *Shipman* v. *State*, 44 Wis. 458.) Interest does not run on a claim for unliquidated damages until it is merged in judgment. (*Reid* v. *R. G. Factory*, 3 Cow. 393; 5 Cow. 587; *Holmes* v. *Rankin*, 17 Barb. 454; *Gallup* v. *Perue*, 10 Hun, 525; *Pursell* v. *Fry*, 19 Hun, 595; *Littell* v. *Ellison*, 63 Hun, 624; *Matter of Hartman*, 13 Misc. Rep. 486; *De Witt* v. *De Witt*, 46 Hun, 258; *Smith* v. *Velie*, 60 N. Y. 106; *De Curricarti* v. *Blanco*, 121 N. Y. 230.) In order to entitle the plaintiffs to interest from the time of their demand, it was also incumbent upon them to establish that it was not disputed in good faith; where the contrary appears, interest is not recoverable until liquidation. (*Moshier* v. *Shear*, 15 Ill. App. 342; *The Isaac Newton*, 1 Abb. Adm. 588; *Shipman* v. *State*, 44 Wis. 458.)

Cullen, J. In March, 1899, the plaintiffs entered into a contract with the commissioner of buildings of the borough

of Manhattan for tearing down the walls, removing the debris and recovering the dead bodies from the ruins of the Windsor Hotel, in the city of New York, which at that time had been recently destroyed by fire. The contract did not prescribe any gross sum to be paid for the work, but the plaintiffs were to be allowed a specific price for each item of labor or materials furnished by them, as, for instance, so much a day for shorers, so much for trucks, so much a thousand feet for timber. After the completion of the work, to wit, on June 29, 1899, the plaintiffs presented a claim for such work in excess of a hundred thousand dollars to the comptroller of the city of New York, by whom it was rejected. Thereupon this action was brought, in which the referee awarded to the plaintiffs for their work the sum of $79,229.93, with interest from the third day of May, 1899. On appeal the Appellate Division reduced the judgment entered on the report of the referee by disallowing the interest which accrued prior to the referee's report, which bore date February 15, 1901. From that judgment the plaintiffs have appealed to this court, seeking to reinstate the original judgment.

I think the action of the learned Appellate Division cannot be sustained consistently with the settled law of this state as to the allowance of interest. Ever since the cases of *Van Rensselaer* v. *Jewett* (2 N. Y. 135) and *McMahon* v. *N. Y. & Erie R. R. Company* (20 N. Y. 463) the rule has been established that in actions to recover for services rendered, materials furnished or goods sold, the plaintiff is entitled to interest on his claim from the time of his demand for its payment. (See *Mygatt* v. *Wilcox*, 45 N. Y. 306; *Parrott* v. *Knickerbocker Ice Co.*, 46 N. Y. 361; *Morgan* v. *Skiddy*, 62 N. Y. 319; *Taylor* v. *Mayor, etc., of N. Y.*, 67 N. Y. 87, and *de Carricarti* v. *Blanco*, 121 N. Y. 230.) In *White* v. *Miller* (78 N. Y. 393) there is to be found a full discussion of the leading authorities in this state on the subject of interest. Judge EARL there said : " The cases last cited tend to show that where an account for services, or for goods sold and delivered, which has become due and is payable in money,

although not strictly liquidated, is presented to the debtor and payment demanded, the debtor is put in default and interest is set running; and that, if not demanded before, the commencement of suit is a sufficient demand to set the interest running from that date." In *de Carricarti* v. *Blanco* (*supra*) the statement of Judge Earl which I have quoted is accepted as enunciating the correct rule of law on the subject.

The cases cited in the opinion of the learned Appellate Division are not in conflict with the rule laid down by Judge Earl. The principle of awarding interest has been extended to the case of unliquidated damages for breach of an executory contract of sale where the property has a market value. *Gray* v. *Central R. R. Co. of N. J.* (157 N. Y. 483) and *Sloan* v. *Baird* (162 N. Y. 327) were cases of that character. In neither case was interest allowed to the plaintiff. The decisions, however, proceeded on the express ground that the property the subject of the contract of sale was of such a peculiar character as to have no well-defined market value. In *Delafield* v. *Village of Westfield* (41 App. Div. 24; affirmed without opinion by this court, 169 N. Y. 582) the plaintiff's claim was on a *quantum meruit* for labor and materials furnished under a contract which had been broken by each party. The claim was subject to reduction for damage caused· the defendant by the plaintiff's breach of contract and improper performance of his work. The defendant's set-off was unliquidated, and the plaintiff's recovery was necessarily dependent on the amount of that set-off. Interest was, therefore, allowed to neither party. The claim now before us is not so peculiar in its character as to take it without the general rule. The price to be paid for each class of labor or material was fixed by the contract, and the amount due to the plaintiffs was merely a matter of computation. If there was difficulty in ascertaining the quantities of labor and material furnished it proceeded from the failure of either party to keep accurate account of the work done. Doubtless this to some extent placed the city at the mercy of the contractors, and it had to rely on their integrity. Such, however, is usually the case where one has work

done on a *quantum meruit* and neglects to accurately supervise the performance of the work; and the situation thus presented is not peculiar or exceptional.

The referee erred in allowing interest from May 3, 1899, the time of the completion of the work, instead of from June 29, when the demand was made upon the comptroller of the city. This error has been discovered by the parties, and the plaintiffs have stipulated that in case interest is awarded to them, a deduction of $739.53 shall be made from the judgment given by the referee.

The judgment of the Appellate Division should, therefore, be reversed, and the judgment entered upon the report of the referee, subject to such deduction, affirmed, with costs to the appellants in the Appellate Division and in this court.

Parker, Ch. J., Bartlett, Haight, Martin and Werner, JJ., concur; O'Brien, J., absent.

Judgment reversed.