(100 App. Div. 197)

### BRAAS et al. v. VILLAGE OF SPRINGVILLE.

(Supreme Court, Appellate Division, Fourth Department.   January 4, 1905.)

1. WORK AND LABOR—QUANTUM MERUIT—INTEREST.
    Where plaintiffs sued on a quantum meruit, and alleged that during a specified time they had performed certain services of a stated value, which became due and payable before the commencement of the action, and that defendant had neglected to pay, and the whole evidence as to the value of the services was directed to the payment of a specified sum, which the referee found was due, plaintiffs were entitled to recover interest on the amount defendant should have paid, either from plaintiffs' demand or from the commencement of the action.

Appeal from Judgment on Report of Referee.

Action by Charles F. Braas and others against the village of Springville.   From a judgment on a referee's report in favor of plaintiffs, but denying interest, plaintiffs appeal.   Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Bissell & Riley, for appellants.

Romer & Harrington, for respondent.

STOVER, J.   The only question presented for review is upon the refusal of the referee to allow interest upon the amount found due, no exception being taken to the facts, they having been found upon sufficient evidence, and are not disputed upon this appeal.   The plaintiffs entered into a contract whereby they covenanted that they would furnish the material and do all the work necessary to build and complete a power plant on the Cattaraugus creek, near the village of Springville, for the purpose of generating electricity for illuminating and other purposes.   The plant consisted of a dam, pier, retaining wall, bulkhead, and other work necessary to complete the structure. Plaintiffs entered upon the execution of the work, and proceeded there-

in, and when near completion, when the water was let in the dam the dam gave way, practically destroying the work which had been done. Negotiations were had between the parties with reference to rebuilding the dam, the plaintiffs desiring to reconstruct the dam according to new plans if the defendant would pay for the work already done under their contract. The defendant refused to permit this, finally insisting that it would undertake the work itself, and hold the plaintiffs liable for any damages.

The referee has found that the destruction of the work was due not to any fault of the plaintiffs, but to defective designs; that the work as done by the plaintiffs was in accordance with the contract; and has allowed for extra work. He also found that the defendant was not justified in refusing to estimate the extra work and material which the plaintiffs had furnished in placing the concrete in the foundation space of the dam or in neglecting to pay for the same. He also found that the defendant had no right to rebuild the dam on the account of the plaintiffs; "that the plaintiffs were justified in rescinding the contract, and may recover the actual value of the labor and material which they have furnished to the defendant."

At the trial the prices named in the contract were adopted as the value of the labor and material in question. The referee has found the amount of the interest from the commencement of the action to the date of the trial, but declined, however, to allow the sum found to the plaintiffs.

The claim on behalf of the defendant is that, as the claim was unliquidated, interest could not be allowed. We do not think that this contention is correct. The form of the complaint is upon a quantum meruit. It alleges that during a specified time plaintiffs had performed certain services of the value stated; that it became due and payable before the commencement of the action, and that defendant had neglected to pay it.

The referee has found, in accordance with the allegations of the complaint, that certain services were performed, of a certain value, and necessarily it must have become due either at the time of, or before the commencement of, the action. The whole evidence as to the value of the services is directed towards the payment of a specified sum, and hence, in accordance with the report of the referee, it must be found that at the time of the commencement of the action there was due to the plaintiffs the sum that the referee found. That that sum had not then been agreed upon by the parties, and the amount actually determined satisfactorily between them, we think can make no difference as to the right of the plaintiffs to the payment. They were entitled to the payment of whatever sum was ascertained to be due at that time. It is not the case of an unliquidated demand which must be assessed dependent upon the judgment of the tribunal to whom the ascertainment of the amount is committed, but it is the ascertainment of an amount which can be made definite and certain within certain rules of computation; and it would seem that it can be said to be no more unliquidated than an open account which the parties have agreed upon. The plaintiffs were entitled to full indemnity, and the rule is well settled that the interest is allowed from the time that the action accrued

to the time of trial by way of damages, and in the absence of any allegation and proof of special damages the damages flowing from the nonpayment of a specified sum which had become due would be the interest from the date it so became due. It is quite clear in this case that the plaintiffs became entitled to the payment of this sum before the commencement of the action; or, if it be said that a demand was necessary, then the bringing of the action was a demand and the account accrued at that time; and in order to obtain full indemnification plaintiffs were entitled to recover interest on the amount which the defendant should have paid, either at the time of the commencement of the action or some time prior thereto, and neglected and refused to pay it. We think the plaintiffs were entitled to the allowance of interest, and that the judgment should be modified accordingly.

Judgment modified by allowing to the plaintiffs the amount of interest found by the referee from the beginning of the action to the time of the trial, and the judgment as so modified affirmed, with costs. All concur.