### REYNOLDS v. BURR.

(Supreme Court, Appellate Division, Second Department. April 21, 1905.)

1. VENDOR AND VENDEE—SALE OF LAND—CONTRACT—CONSTRUCTION.

By the terms of a written contract, defendant agreed to sell to plaintiff certain land in the borough of Brooklyn if it was "not approved for a school site before the first of April, 1901, by the necessary municipal authorities." *Held*, that the clause related to future effective approval on the part of the municipal authorities, and not to a preliminary approval by the school board of the borough, given two days before the execution of the contract.

2. SAME—BREACH OF CONTRACT—JUSTIFICATION.

Under the express provisions of the Greater New York charter as it existed when the contract was made (Laws 1897, pp. 41, 377, 394, c. 378, §§ 149, 1055, 1090), and under the by-laws of the board of education enacted pursuant to section 1070 of the charter, the procedure necessary to make the selection of a school site effective required action on the part of said board confirming the determination of the local school board in selecting the site. No such confirmatory action was taken by the board of education prior to said 1st of April, 1901. *Held*, that defendant was not justified in refusing to carry out the contract.

3. INTEREST—UNLIQUIDATED DAMAGES.

Interest is allowable in an action to recover unliquidated damages for the breach of an executory contract of sale where the property has a market value.

Appeal from Trial Term, Kings County.

Action by Charles G. Reynolds against Carrie P. Burr. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, she appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, RICH, and MILLER, JJ.

James W. Gerard (Manfred W. Ehrich, on the brief), for appellant.

Robert H. Wilson, for respondent.

WILLARD BARTLETT, J.   On the 7th day of February, 1901, the parties to this action entered into a written contract whereby the plaintiff agreed to purchase, and the defendant agreed to sell and convey, 100 feet of ground on Dean street, in the borough of Brooklyn, within 60 days thereafter, for the sum of $11,000, in case the said land was "not approved for a school site before the first of April, 1901, by the necessary municipal authorities." The defendant refused to convey the property within the time specified, although the plaintiff was ready and willing to perform the contract on his part; and in the present action the plaintiff has recovered $750 damages as the reasonable market value of the land, over and above the sum which he was bound to pay for the property under the contract, together with interest from the day fixed for passing the title.

The determination of this appeal depends upon the proper construction of that provision in the contract which relieved the' vendor from the obligation to perform if the land was approved for a school site before the 1st of April, 1901, by the necessary municipal authorities.   I think it quite clear, first, that this clause related not to any past action by the municipal authorities, but to future action on their part; and, secondly, that it contemplated an effective approval.   Under the Greater New York charter as it existed when the contract was made, which was before the amendments of 1901 went into effect (Laws 1901, p. 1, c. 466), an approval of a school site in the borough of Brooklyn, in order to become effective, required the action, first, of the school board of the borough; secondly, of the board of education of the city of New York; and, finally, that of the comptroller.   Laws 1897, pp. 41, 377, 394, c. 378, §§ 149, 1055, 1090.   Section 1090 authorized the school board of the borough to choose and determine in the first instance the sites for all school buildings within its jurisdiction, and to transmit its determination to the board of education by properly certified resolutions.   Under the by-laws of the board of education enacted pursuant to section 1070 of the charter, there was a committee on sites, having charge and management of all proceedings relative to the acquisition of sites for school buildings, subject to the approval of the board itself.   In brief, under the provisions of the charter, and of the rules, regulations, and by-laws established in accordance with those provisions, the procedure necessary to make the selection of a school site effective required action on the part of the board of education confirming the determination of the local school board in selecting the site.   No such confirmatory action was taken by the board of education in reference to the property which was the subject of the contract in this case until March 19, 1902, long after the expiration of the period within which the defendant undertook to convey the property.   Under these circumstances, I think the defendant failed to make out any justification for her refusal to carry out the contract.

It appears that the preliminary approval of the site by the school board of the borough of Brooklyn had been given on the 5th day of February, 1901, two days before the contract was executed, and

it is suggested in behalf of the appellant that this was the approval contemplated by the parties. Such a view seems to me hardly reasonable, inasmuch as, if that approval had been all that was in contemplation, it is difficult to see why the defendant entered into the contract at all. The approval which the parties had in mind must have been an act or series of acts to be performed subsequent to the date of the contract, February 7, 1901, and prior to the 1st day of April, 1901.

The proof was sufficient to justify the finding of the jury to the effect that the property was really worth in the market $750 more than the consideration which the plaintiff was obligated to pay under the contract. There was no error in adding interest to this amount. Interest is allowable in an action to recover unliquidated damages for the breach of an executory contract of sale where the property has a market value. Sweeny v. City of New York, 173 N. Y. 414, 66 N. E. 101.

I advise an affirmance of the judgment and order appealed from.

Judgment and order affirmed, with costs. All concur.