plaintiff now seeks to recover. This evidence was excluded, over the objection and exception of the defendant.

We think the exclusion of this evidence was error. If the causes of action were identical to the extent that the same evidence would support both, the judgment in favor of the defendants in the action against the partners jointly was res adjudicata in this action. In the action brought against Shapiro and Rubin as copartners, both of the defendants were personally served and appeared in the action. If the judgment had been entered against the defendants in that action, it would have been conclusive evidence of the liability of each defendant who was served or appeared. Code Civ. Proc. § 1933. In that action judgment was rendered on the merits in favor of both defendants, and the judgment so rendered is as a plea a bar, or as evidence conclusive, between the same parties upon the same matter. This defendant should not be twice vexed for one and the same cause.

The judgment is reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.

---

JACKSON et al. v. BYRNE et al.

(Supreme Court, Appellate Division, First Department. February 5, 1909.)

1. JUDGMENT (§ 255*)—PARTIES.
    Where the evidence shows that services for which a joint claim was filed with executors by two persons were performed by but one of them, judgment was improperly entered in favor of both of them.
    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 414; Dec. Dig. § 255.*]

2. EXECUTORS AND ADMINISTRATORS (§ 267*)—PAYMENT OF CLAIMS—INTEREST.
    Interest on an unliquidated claim for legal services rendered a decedent should be allowed from the presentation of the claim to the executors, and not from the death of decedent.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1032–1042; Dec. Dig. § 267.*]

Appeal from Judgment on Report of Referee.

Action by Lily I. Jackson and others, ancillary executors of John J. Jackson, and another, against Elizabeth M. Byrne and others, executors of John Byrne, and another. From a judgment for plaintiff entered upon the report of a referee appointed by consent and with the approval of the surrogate pursuant to Code Civ. Proc. § 2718, to determine plaintiff's claim, defendants appeal. Modified and affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward J. McGuire, for appellants.
Richard J. Donavan (Herbert D. Cohen, on the brief), for respondents.

PER CURIAM. The evidence in this case sustains the finding of the learned referee that the decedent, Jackson, performed legal services for the decedent at the instance and request of the latter, which

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

were reasonably worth the amount for which judgment has been entered. The claim was filed jointly by Jackson and by Blizzard, another member of the bar of West Virginia, who was employed by Jackson, but apparently without authority from the decedent. Upon the trial no claim was made by Blizzard and no evidence was presented tending to show any contract between him and the decedent. The learned referee on finding these facts should, we think, have adjudged that the claim, in so far as the same was filed by or in behalf of Blizzard, was not established, and should have directed the entry of judgment in behalf of Jackson only. By an oversight, evidently, the judgment for the value of the services rendered by Jackson only has been entered in favor of Blizzard also.

Interest has been erroneously allowed on Jackson's claim from the date of the death of his client, instead of from the date his claim was presented to the executors, which appears to be the rule governing interest on unliquidated claims against an estate. Carricarti v. Blanco, 121 N. Y. 230, 24 N. E. 284.

It follows, therefore, that the conclusions of law should be modified by striking out the words, "and Reese Blizzard," and by modifying the provisions thereof with respect to interest so that it will read "from December 1, 1905," and inserting in the conclusions of law a provision adjudicating that no claim has been established in behalf of Blizzard, and that his claim be dismissed, and that the judgment be likewise modified, and, as thus modified, affirmed, with costs payable out of the estate of the decedent, Byrne.