DAVISON v. GUARDIAN STORAGE & TRANSFER CO.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

1. TROVER AND CONVERSION (§ 53*)—INTEREST—ALLOWANCE—UNLIQUIDATED DEMAND.

While interest may be allowed on an unliquidated demand arising out of a contract, where the demand could be liquidated by mere computation, interest should not be allowed by the court where the demand was unliquidated; the action being for the value of goods destroyed by a storage company, for which there was no definite market value.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 254; Dec. Dig. § .53.*]

2. TROVER AND CONVERSION (§ 53*) — INTEREST — ALLOWANCE — QUESTION FOR JURY.

In an action for the conversion of goods, the allowance of interest rests in the discretion of the jury, and it is improper for the trial court to add an allowance of interest to the verdict rendered.

[Ed. Note.—For other cases, see Trover and Conversion, Cent. Dig. § 254; Dec. Dig. § 53.*]

Appeal from City Court of New York, Trial Term.

Action by Lettie E. Davison against the Guardian Storage & Transfer Company. From a judgment for plaintiff, and an order denying its motion for new trial, defendant appeals. Modified and affirmed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Francis W. Pollock, of New York City (Robert W. Maloney, of New York City, of counsel), for appellant.

J. Philip Berg, of New York City (M. Spencer Bevins, of New York City, of counsel), for respondent.

LEHMAN, J. [1] The verdict herein should not be set aside as against the weight of evidence. I feel, however, that the trial justice undoubtedly erred in adding interest to the verdict. The trial justice apparently relied upon the case of Sweeney v. City of New York, 173

N. Y. 414, 66 N. E. 101, as authority for his action. That case merely holds that where by contract the defendant is required to pay for goods sold and delivered, or work, labor, and services, upon a quantum meruit, and the amount of the goods, or the amount of the work, is capable of definite computation by the defendant, and there is an established market value therefor, interest must be added from the date of demand. The effect of that case is to establish the rule that interest must be added upon unliquidated demands in actions on contract where the demand could be liquidated by mere computation. It leaves, however, in full force the rule that where the demand is unliquidated, and cannot be definitely ascertained, but the damages to be recovered rest upon the estimate of the jury, no interest can be allowed.

[2] This case in my opinion falls clearly within the latter rule. The defendant could not by computation arrive at the amount of the goods destroyed, nor was there a definite market value for these goods. It is urged, however, that this action sounds rather in tort for conversion than in contract, and that interest, therefore, may be allowed under authority of Wilson v. City of Troy, 135 N. Y. 98, 32 N. E. 44, 18 L. R. A. 449, 31 Am. St. Rep. 817. That case, however, establishes only that interest in actions for conversion rest in the discretion of the jury. In this case the question of interest was not submitted to the jury, but the interest was added by the trial justice.

Judgment modified, by deducting therefrom the sum of $47.50, and, as so modified, affirmed, with costs. All concur.