### WHITMORE, RAUBER & VICINUS v. VILLAGE OF CHARLOTTE.

(Supreme Court, Trial Term, Monroe County. September 18, 1915.)

INTEREST ☞46—PAVING CONTRACTS—LIABILITY FOR INTEREST.

Where a village paving contractor demanded payment before completion of the work, and after completion the village engineer gave his final estimate for the work and materials, but no demand for payment was made until the subsequent commencement of an action by the contractor for the amount due, he could recover interest only from the date of the commencement of the action.

[Ed. Note.—For other cases, see Interest, Cent. Dig. §§ 95–105; Dec. Dig. ☞46.]

Action by Whitmore, Rauber & Vicinus against the Village of Charlotte. On demurrer to complaint, on the ground that it does not state facts sufficient to constitute a cause of action. Overruled.

Raines & Raines, of Rochester, for plaintiff.
George Y. Webster, of Rochester, for defendant.

CLARK, J. Plaintiff entered into a contract to do certain paving for defendant. The work has been completed to the satisfaction of

defendant, whose engineer has certified the amount due the plaintiff for this work. The only controversy between the parties is on the question of interest, whether or not the plaintiff is entitled to interest on the amount conceded to be owing it for the work and materials furnished under the contract.

The amount due plaintiff was easily computed by the engineer, and I see no reason why the claim should not bear interest. 22 Cyc. 1513; Sweeny v. City of New York, 173 N. Y. 414, 66 N. E. 101; Braas v. Village of Springville, 100 App. Div. 197, 91 N. Y. Supp. 599; Roebling's Sons Co. v. City of N. Y., 110 App. Div. 366, 97 N. Y. Supp. 278. According to the complaint the work was not completed until June 10, 1915, although the demand for the payment of $27,883.26 had been made March 19, 1915. After the completion of the work, June 10, 1915, and on or about July 6, 1915, defendant's engineer gave his final estimate for the work and materials furnished, and it does not appear that any demand for payment was made after March 19, 1915, until the date of the commencement of this action. It appears, therefore, that the demand for payment was made before the work was fully completed, and I do not think plaintiff would be entitled to interest from the time of that demand, March 19, 1915, but should be entitled to interest from the date of the commencement of this action, which was subsequent to the completion of the work and the making of the final estimates of amount due plaintiff by the defendant's engineer.

The demurrer is therefore overruled, without costs, and it is held that plaintiff is entitled to interest on the claim in question from the date of the commencement of this action.

So ordered.