CHARLES E. CHALMERS, as Receiver of the SECOND AVENUE RAILROAD COMPANY, etc., Plaintiff, *v.* THE CITY OF NEW YORK, Defendant.

Supreme Court, New York County, August 20, 1925.

Municipal corporations — contracts — New York city — interest on sale price of street cars sold defendant is recoverable only from time of demand of payment from comptroller — demand made on commissioner of plant and structures not sufficient — work was not all done when demand was made — invoice accompanied by comptroller's order not sufficient demand to start interest.

Plaintiff, who sold street cars to the city of New York on a contract, is not entitled to recover interest on the price of the street cars, where it appears that no demand was made on the comptroller for the payment of the bill, except such as was contained in the invoice accompanied by a copy of the comptroller's order, which is not a sufficient demand to start interest running.

A demand made on the commissioner of plant and structures is not sufficient to start interest running, since the demand must be made upon the comptroller, and furthermore, at the time the demand on the commissioner of plant and structures was made, the work had not been fully completed.

ACTION by receiver of Second Avenue Railroad Company against the city of New York for goods sold and delivered.

*Davies, Auerbach & Cornell* [*Carl E. Peterson* and *Brainard Tolles* of counsel], for the plaintiff.

*George P. Nicholson, Corporation Counsel* [*Joseph T. Flynn* of counsel], for the defendant.

LEVY, J.:

The only question involved in this cause, which comes to me — under the usual Trial Term, Part III, stipulation — upon an agreed state of facts and some written exhibits, is whether the plaintiff is entitled to recover interest on the value of certain merchandise from the date of its delivery, with invoices, to the department of plant and structures of the city of New York. The property in question consisted of forty surface street cars purchased by the city at the price of $3,650 per car, or the total sum of $146,000. Partial deliveries were made at various times, and it is said that on July 6, 1921, the order was completed by the delivery of the balance, accompanied by the invoices, in accordance with the provision of the contract as follows: " All goods are to be billed at the prices agreed, which include delivery charges to place designated. Invoices in quadruplicate and customary commercial form must accompany each delivery, or the goods will not be received. The original order, which is required to be attached to the voucher transmitted to the comptroller, must accompany each completed delivery. In case of daily or weekly deliveries or monthly orders, or partial deliveries for other reasons, the comptroller's copy of this order must accompany the last delivery."

The comptroller's copy of the order did accompany these invoices, which were all sent to the proper department. A letter of July 8, 1921, however, was addressed to the commissioner of plant and structures by the plaintiff, which contained the following: " As no payment has been made on these cars the amount now due is $150,000. I would greatly appreciate receiving fifty per cent of this contract price immediately, as I have urgent need for this money. * * * There is some mechanical work to be done on these cars due to changes suggested by your department after the contract had been made. When these are completed, I will notify your department of the completion of the work so that the final payment can be made."

It is perfectly clear from this letter that the plaintiff could not have regarded his invoice of July 6, 1921, the date of the so-called final delivery, a sufficient demand within the rule in *Sweeny* v. *City of New York* (173 N. Y. 414) and *O' Keeffe* v. *City of New*

*York* (176 id. 297). In the latter case the Court of Appeals said: " The only question brought up for review is as to the time that interest should be allowed upon the plaintiff's claim. It would be exceedingly difficult for the comptroller of a large city to look up claimants or their heirs or assigns and tender payment as their claims matured and became due. If interest at six per cent is chargeable from the date of the maturity of claims many persons might refrain from presenting them during the period permitted by the Statute of Limitations. The allowing of interest from such maturity would afford a safe and profitable investment which might become very attractive to many and induce them to buy up claims for the purpose of holding them for the interest. This would impose a burden upon the city that it ought not to bear. The better and more just way is to follow the rule laid down in *Taylor* v. *Mayor, etc., of N. Y.* (67 N. Y. 87, 94) and *Sweeny* v. *City of New York* (173 N. Y. 414) and award interest on claims only after the demand of payment has been made."

Under these authorities a demand of payment seems absolutely necessary as a condition precedent to entitle the plaintiff to interest. The request for fifty per cent of the invoice price made upon the commissioner of plant and structures on the 8th day of July, 1921, certainly cannot be deemed a compliance with such condition, for it nowhere appears that the comptroller had knowledge of this demand, or even constructive notice. Furthermore, on that very day there was still " some mechanical work to be done on these cars * * *," and it is not shown when this work, which was then evidently in process, was actually completed. While I am not inclined to hold that a particular technical form of demand is required, the total absence of a request for payment would seem to disentitle a claimant to any interest whatever. As a demand for payment, however, was made on February 18, 1922, the plaintiff is entitled to interest only from that date and upon the sum then remaining unpaid. In view of this state of facts, it cannot be said that the invoice of July 6, 1921, accompanied by the comptroller's copy of the order, was such a demand as to cause interest to begin to run.

Therefore, the plaintiff is entitled to recover from the defendant the sum of $792.50, which the city concedes was the unpaid balance on February 18, 1922, with interest from the latter date, together with the costs and disbursements of the action. As the making of findings was waived, let judgment be entered accordingly.